**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| HERNAN EDUARDO NUNEZ RAMIREZ,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br>Respondent. | ) | No. 2:26-cv-03322-SHL-cgc |

**ORDER GRANTING PETITION**

On October 6, 2026, Petitioner Hernan Eduardo Nunez Ramirez filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges his continued detention without an individualized bond hearing in the West Tennessee Detention Facility. (Id. at PageID 1.) He seeks immediate release from Respondent's custody. (Id. at PageID 2, 10.) Respondent responded on October 16. (ECF No. 7.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (Id. at PageID 19.) Petitioner replied on October 20. (ECF No. 8.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Mr. Nunez Ramirez is a citizen of Honduras, and he has resided in the United States since 2016. (ECF No. 1 at PageID 8.) On October 1, 2026, he appeared in court in Lebanon, Tennessee in connection with a charge of driving without a license. (Id. at PageID 1.) Although the charge was dismissed, he was placed on an "ICE hold," and later arrested and detained. (Id.

at PageID 1–2.) He was transferred out of the West Tennessee Detention Facility on October 10, despite the Court's October 8 Order Staying Petitioner's Transfer. (ECF No. 8 at PageID 26.) In his Response, Respondent stated that Petitioner was "in the process of being transferred back" to the Western District. (ECF No. 7 at PageID 20.)

## ANALYSIS

Respondent concedes that Lopez-Campos governs this matter. (Id. at PageID 19.) Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (Id. at PageID 20.) Specifically, according to Respondent, Petitioner should be required to request another bond hearing in immigration court before seeking habeas relief in federal court.[1] (Id.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to

---

[1] Respondent contends that Petitioner was scheduled for a bond hearing on October 14, but he withdrew his request. (ECF No. 7 at PageID 19–20.) However, according to Petitioner, the bond hearing was withdrawn without prejudice because Petitioner had not been transferred back to Tennessee in time to attend his bond hearing. (ECF No. 8 at PageID 26.)

immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) (quoting Cardona v. Ladwig, No. 25-cv-01451, 2025 WL 3722009, at *7) (reasoning that "because Petitioner's rights to a bond hearing under §1226(a)" were denied, a bond hearing after the fact "'would not and cannot cure that constitutional violation,'" and while Petitioner's release today cannot cure his prior loss of liberty, "'this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so.'") (quoting Yao v. Almodovar, No. 25 CIV. 9982, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025.)).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED**, at the Government's expense, to immediately transfer Petitioner back to the Western District of Tennessee. Immediately following Petitioner's return to this District, Respondent is **ORDERED** to release Petitioner from custody, and immediately return to Petitioner any property seized by the Government, including but not limited to any documentation in the possession of Petitioner at the time of his arrest and detainment. Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 27th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE